# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

SHELBY PATTERSON, et al.,      )
           )
      Plaintiffs,      )
           )
      v.      )      No. 4:22-cv-01392-MTS
           )
BANK OF AMERICA, N.A., et al.,      )
           )
      Defendants.      )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiffs Shelby Patterson and Kimberly Patterson-Bey for leave to commence this civil action without prepayment of the required filing fee. Doc. [2]. Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct plaintiffs to file an amended complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiffs are self-represented litigants who have filed a civil action titled "Complaint for Qui Tam, False Claims Act, Fraudulent [Forbearance] Loan Modification and Conveyance." Doc. [1]. The complaint is twenty-four pages long and is not on a Court-provided form. In the complaint, plaintiffs name Bank of America, N.A., Rushmore Loan Management (Rushmore), and the Metropolitan-Missouri Sanitary District as defendants. Doc. [1] at 1. With regard to jurisdiction,

2

plaintiffs refer to the Missouri Rules of Evidence, the Illinois Rules of Evidence, Missouri negligence law, and the federal CARES Act. Doc. [1] at 2-3.

According to plaintiffs, this is an action to quiet title to real property located at 1362 Reale Street, St. Louis, Missouri. *Id*. at 3. Plaintiffs state that they are the true owners to this property, and acquired it in July of 2006. *Id*. at 4. At some point, Rushmore called plaintiffs, offering an eighteen-month forbearance during the pandemic, during which time plaintiffs could delay making mortgage payments. However, plaintiffs insist that they did not need forbearance, were current with their mortgage payments, and that Rushmore made "false claims" and failed to inform them that their "mortgage was not under any of the federally backed programs that would [guarantee] a forbearance or loan modification."

As to the "false claims," plaintiffs assert that Rushmore's forbearance comments were misleading because they were "working behind the scenes to move forward with foreclosure." *Id*. at 6. They also accuse Rushmore of a variety of improprieties, including unjust enrichment, illegal fees, refusal to provide information, falsification of documents, robo-signing, delays, and "bait and switch forbearance." *Id*. at 5, 7-8. In short, it appears that plaintiffs are alleging that Rushmore manipulated them into requesting a forbearance, but never gave them a signed agreement. *Id*. at 10. Thus, an arrears built up as plaintiffs missed payments, which then had to be paid back in a lump sum. This ultimately led to default and foreclosure. *Id*. at 12.

Concerning damages, plaintiffs seek "an amount in excess of $75,000." *Id*. at 23. The Court notes, however, that the section of the complaint titled "General Damages" appears taken from another lawsuit. In particular, plaintiffs state they are seeking damages "for personal injuries," and claim they have incurred medical expenses, loss of earning capacity, and physical impairment, none of which relate to their allegations.

3

## Discussion

Plaintiffs are self-represented litigants who have jointly filed a civil action against Bank of America, Rushmore, and the Metropolitan-Missouri Sanitary District seeking quiet title to their property. Because they are proceeding in forma pauperis, the Court has reviewed their complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the complaint is subject to dismissal. However, the Court will direct plaintiffs to file an amended complaint.

### A.  Deficiencies in Complaint

Plaintiffs' complaint is deficient and subject to dismissal for two reasons. First, plaintiffs have failed to demonstrate the existence of subject matter jurisdiction. Second, they have failed to show that they are entitled to relief.

### i.      Federal Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases").

4

Because jurisdiction is a threshold requirement, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). *See also City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010) ("Federal courts have an independent duty to determine subject matter jurisdiction, even where the matter is raised for the first time on appeal and on the court's own motion"). The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). *See also Magee v. United States*, 9 F.4th 675, 680 (8th Cir. 2021) ("The burden of proving the existence of subject matter jurisdiction rests with the party invoking federal jurisdiction").

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). In this case, it is not apparent from the face of the complaint that plaintiffs have carried their burden of proving subject matter jurisdiction as to either federal question or diversity.

With regards to federal question jurisdiction, plaintiffs have not demonstrated that their civil action arises "under the Constitution, laws, or treaties of the United States." *See Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). That is, there is no indication "either that federal law creates the cause of action or that [plaintiffs'] right to relief necessarily depends on the resolution of a substantial question of federal law." *See Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

5

The only federal law that plaintiffs reference is the CARES Act, which refers to the Coronavirus Aid, Relief, and Economic Security Act, passed by Congress "to help individuals, families, businesses, and health-care providers cope with the economic and public health crises triggered by COVID-19." *See Brennan v. United States*, 2020 WL 3980001, at *1 (E.D. Ark. 2020). The CARES Act, however, is wide-ranging, and includes several different titles. Plaintiffs make no effort to pinpoint which title is relevant to their case, or to show that such title gives them a private right of action. Indeed, plaintiffs appear to suggest that their mortgage did not fall within the CARES Act at all, stating that their "mortgage was not under any of the federally backed programs that would [guarantee] a forbearance or loan modification."

As to diversity jurisdiction, plaintiffs have sought damages "in excess of $75,000," which is the jurisdictional threshold under 28 U.S.C. § 1332(a). Plaintiffs must also show that complete diversity of citizenship exists, which means that "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). They have not done this. Specifically, one of the two plaintiffs is a citizen of Missouri, as is defendant Metropolitan-Missouri Sanitary District.

For these reasons, plaintiffs have not carried their burden of establishing this Court's subject matter jurisdiction. Therefore, the case is subject to dismissal.

### ii.       Federal Rule of Civil Procedure 8

Pursuant to the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, plaintiffs' complaint does not comport with this requirement. Rather than provide a short and plain statement, plaintiffs' complaint is long, repetitive, digressive, and filled with irrelevant and extraneous information. Beyond that, substantial portions of the

complaint are devoid of factual allegations, and are instead comprised of legal arguments and case citations. Certain sections appear to have been copied-and-pasted from other documents. Many of the assertions against Rushmore consist of unsupported conclusions and speculation. Meanwhile, defendant Bank of America is barely mentioned, while defendant Metropolitan-Missouri Sanitary District is not mentioned at all.

Plaintiffs' status as pro se litigants does not excuse them from complying with the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). As such, their failure to comply with Rule 8 makes this action subject to dismissal. *See Micklus v. Greer*, 705 F.2d 314, 317 n.3 (8th Cir. 1983). *See also White v. United States*, 588 F.2d 650, 651 (8th Cir. 1978) (affirming dismissal under Fed. R. Civ. P. 8(a) for a complaint described as unintelligible and a "wholly incomprehensible compilation of unrelated phrases, diatribes, and ramblings"); and *Cody v. Loen*, 468 Fed. Appx. 644, 645 (8th Cir. 2012) (stating that a pro se litigant is not excused from Fed. R. Civ. P. 8, "which requires a short and plain statement showing the pleader is entitled to relief").

### iii.    Order to Amend

As discussed above, plaintiffs' complaint is subject to dismissal because plaintiffs have not properly established jurisdiction, and because they have not complied with Federal Rule of Civil Procedure 8(a)(2), requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." Because plaintiffs are self-represented litigants, the Court will not dismiss this action outright. Instead, plaintiffs will be ordered to file an amended complaint according to the instructions set forth below. Plaintiffs **must** follow these instructions.

**B. Amendment Instructions**

Plaintiffs should type or neatly print their amended complaint on the Court's civil rights form, which will be provided to them. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiffs should clearly name each and every party they are intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiffs may add additional sheets of paper. However, all the defendants must be clearly listed.

Plaintiffs should put their case number in the appropriate location on the upper right-hand section of the first page. They should then fill out the complaint form in its entirety, and ensure that it is signed.

In the "Basis for Jurisdiction" section of the Court-provided form, plaintiffs must assert the basis upon which this Court has jurisdiction. As discussed above, jurisdiction is a threshold requirement for plaintiffs to proceed, and they have the burden of proving its existence. If plaintiffs believe that the CARES Act provides federal question jurisdiction for their case, they must point out the relevant section or sections under which they are filing suit. If they believe that some other federal statute or constitutional provision gives the Court federal question jurisdiction, they should state that. If plaintiffs believe that diversity jurisdiction exists, they must demonstrate that no plaintiff is a citizen of the same state as a defendant. In any event, plaintiffs **must** establish that the Court has jurisdiction over their case. If they fail to carry this burden, their case will be dismissed.

In the "Statement of Claim" section, plaintiffs should provide a short and plain statement of the factual allegations supporting their claim. *See* Fed. R. Civ. P. 8(a). Plaintiffs should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). They should avoid legal arguments and case citations and confine themselves to factual allegations against the defendants.

In structuring their amended complaint, plaintiffs should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiffs should write a short and plain statement of the factual allegations supporting their claim against that specific defendant. If plaintiffs are suing more than one defendant, they should follow the same procedure for each defendant. The Court notes that in the original complaint, plaintiffs did not assert allegations against each of the defendants they named. If plaintiffs fail to present allegations against a certain defendant in the amended complaint, that defendant will be dismissed.

To state a cause of action, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8ᵗʰ Cir. 2010). Thus, while the Court must accept plaintiffs' factual allegations as true, it "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8ᵗʰ Cir. 2002). In the amended complaint, plaintiffs must present **facts** as opposed to conclusions and broad accusations.

If plaintiffs are suing multiple defendants, it is important that they establish the responsibility of each separate defendant for harming them. It is not enough for plaintiffs to make general allegations against all the defendants as a group. Rather, plaintiffs need to provide the role

of each named defendant in this case, in order that each specific defendant can receive notice of what he, she, or it is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiffs are warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiffs' failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiffs fail to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiffs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to proceed in forma pauperis, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiffs a copy of the Court's civil complaint form.

**IT IS FURTHER ORDERED** that plaintiffs shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiffs fail to file an amended complaint within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiffs amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 14th day of March, 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE