UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHELBY PATTERSON, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:22-cv-01392-MTS |
| | ) |
| BANK OF AMERICA, N.A., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on self-represented Plaintiff Shelby Patterson's Motion for Preliminary Injunction, Doc. [16], Motion for Expedited Review of the Motion for Preliminary Injunction, Doc. [29], and Motion for Addendum to Preliminary Injunction, Doc. [28]. For reasons discussed below, the Court denies Plaintiff's Motion for Preliminary Injunction and grants Plaintiff's Motion for Expedited Review and Motion for Addendum.

On June 26, 2023, Plaintiff filed a Motion for Preliminary Injunction seeking to enjoin the sale of the subject real property scheduled for July 14, 2023, at 9:00 a.m. Doc. [16]. Plaintiff did not state which defendant was responsible for the sale or subject to the requested injunction. In an Addendum filed by Plaintiff on July 10, 2023, Plaintiff clarified the foreclosure proceedings are initiated by Defendant Rushmore Loan Management Services, LLC ("Rushmore"). Doc. [28].

Federal Rule of Civil Procedure 56 states that the "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). As of today's date, there is no indication that Defendant Rushmore has notice of Plaintiff's action or motion for preliminary injunction. Plaintiff has not provided Defendant Rushmore with notice of the motion for

1

preliminary injunction nor is Defendant Rushmore entered into the case.[1]  Therefore, the Court is precluded from ruling on Plaintiff's Motion.[2]  *See* Fed. R. Civ. P. 65(a).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Expedited Review of the Motion for Preliminary Injunction, Doc. [29], and Motion for Addendum to Preliminary Injunction, Doc. [28], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction, Doc. [16], **DENIED**.

Dated this 12th day of July, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[1] The Clerk of Court has issued a summons for Rushmore, Doc. [22], but the Court has not yet received proof of service.  Therefore, the Court is unsure whether Defendant Rushmore has been served the summons and Complaint in this action.  In any event, while federal law requires the Court to serve all process in this case, 28 U.S.C. § 1915(d), Plaintiff was required to serve his Motion for Preliminary Injunction on Rushmore, Fed. R. Civ. P. 5(a)(1)(D).

[2] Even if Plaintiff provided Defendant Rushmore notice tomorrow, the Court is not convinced such notice would be sufficient for purposes of Rule 65(a).  *See Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022) (explaining "same-day notice" is insufficient because the notice required by Rule 65(a) "implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition") (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 432 n.7 (1974))).