# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHELBY PATTERSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:22-cv-01392-MTS |
| ) | |
| BANK OF AMERICA N.A., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendants Bank of America N.A. ("BANA") and Rushmore Loan Management Services, LLC's ("Rushmore") Motions to Dismiss, Docs. [14] & [38], which seek to dismiss the remaining claims in Plaintiffs' Amended Complaint, Doc. [5]. For the following reasons, the Court will grant the Motions and dismiss the action.

## Legal Standard

Plaintiffs proceed in this action *pro se*, which requires the Court to give liberal construction to their Complaint. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). "But liberal construction does not mean that [the Court will] supply missing facts to a plaintiff's allegations or ignore a plaintiff's failure to allege facts setting forth a cognizable claim." *Jordan-A ex rel. Crawford v. United States*, 4:22-cv-0783-CDP, 2022 WL 3576162, at *2 (E.D. Mo. Aug. 19, 2022) (citing *Stone v. Harry*, 364 F.3d 912 (8th Cir. 2004)). A *pro se* plaintiff must still state a claim for relief, Fed. R. Civ. P. 12(b)(6), 8(a), and the complaint must contain facts sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" when the plaintiff pleads factual content that allows the court to draw the "reasonable inference" that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).  A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations to be true and makes all reasonable inferences in favor of the nonmoving party.  *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014).  Even so, the Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts."  *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

## **Background**

Plaintiffs are self-represented litigants who filed a civil action meant to quiet title to real property located at 1362 Reale Street in St. Louis, Missouri.  Doc. [1] at 3.  Plaintiffs stated that they were the true owners to this property and acquired it in July of 2006.  *Id.* at 4.  On July 31, 2006, Plaintiffs entered into a promissory note with BANA.  Doc [5] at 18.  At some point thereafter, Rushmore called plaintiffs, offering an eighteen-month forbearance during the pandemic, during which time plaintiffs could delay making mortgage payments.  However, the plaintiffs told Rushmore that they did not need forbearance and were current with their mortgage payments, and they alleged that Rushmore made "false claims" and failed to inform them that their "[mortgage] was not under any of the federally backed programs that would guarantee a forbearance or loan modification."  *Id.* at 18-19.

In short, it appeared that Plaintiffs were alleging that Rushmore manipulated them into requesting a forbearance, that Rushmore sent them paperwork with different options, but that Plaintiffs never had a signed agreement.  Doc. [1] at 10.  Thus, arrears built up as Plaintiffs missed payments, which then had to be paid back in a lump sum.  This ultimately led to default and the risk of foreclosure.  *Id.* at 12.

Initially, Plaintiffs stated they were seeking damages "for personal injuries," and claimed to have incurred medical expenses, loss of earning capacity, and physical impairment, none of which related to their allegations. The Court granted Plaintiffs leave to amend their complaint, and Plaintiffs filed their Amended Complaint, Doc. [5], on April 12, 2023.

On May 19, 2023, the Court entered a Memorandum and Order dismissing all claims asserted against BANA and Rushmore in the Amended Complaint, except for the claims under the Real Estate Settlement Procedures Act ("RESPA"), the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), and the Missouri Merchandising Practices Act ("MMPA"). Doc. [6].

## Discussion

Three claims under RESPA, the CARES Act, and the MMPA currently remain before this Court. Defendants argue these remaining claims should be dismissed because (1) the loan central to the RESPA dispute is not federally related; (2) there is no private cause of action available under the CARES Act; (3) Defendant Rushmore is regulated by the Missouri Division of Finance and outside the scope of the MMPA; and (4) the allegations concern modifications not contained within the original loan agreement entered into with BANA. Doc. [15] at 4-7; Doc. [38] at 2. Each will be discussed in turn.

**1. The loan is not covered by RESPA.**

RESPA contemplates federally related mortgage loans. *See* 12 U.S.C. §§ 2607(a), (b). Specifically, RESPA prohibits awarding fees or kickbacks for the referral of a real estate settlement service involving a *federally related mortgage loan*. 12 U.S.C. § 2607(a). A "federally related mortgage loan" includes any loan which is secured by a lien on residential real property designed principally for the occupancy of one to four families, including a secured loan, the proceeds of

which are used to repay or pay off an existing loan secured on the same property.[1]  12 U.S.C. § 2602(1)(A).

Plaintiffs have failed to plausibly allege facts suggesting their mortgage was in fact a federally related mortgage.  In the Amended Complaint, Plaintiffs claim they were "not informed" that the mortgage was not under any of the federally backed programs guaranteeing a forbearance or loan modification, but the loan was a "private loan."  Doc. [5] at 19.  Therefore, dismissal of the RESPA claim is proper.

### 2. The CARES Act does not allow a private right of action.

In the Amended Complaint, Doc. [5], Plaintiffs seek relief under the CARES Act, claiming the Act covers the alleged forbearance assertions made by Rushmore.  Doc. [5] at 22.  However, the CARES Act does not create a private right of action.  *See McClendon v. Bernard*, 4:21-cv-00823-KGB, 2021 WL 5567369, at *2 (E.D. Ark. Nov. 29, 2021); *see also Paskiewicz v. Brower*, 2:20-cv-02238-TLN-AC-PS, 2020 WL 7074605, at *2 (E.D. Cal. Dec. 3, 2020) ("[T]here is no private right of action under the CARES Act."); *cf. Saloojas v. Aetna Health of Cal., Inc.*, 80 F.4th 1011 (9th Cir. 2023) ("Although no circuit court has addressed this question, we note that every district court that has ruled on this issue has concluded that there is no private right of action under § 3202 of the CARES Act. We agree.").  As such, no such relief may be afforded in the current action, and dismissal is proper for the CARES Act claim.

---

[1] A "federally related mortgage loan" also includes any loan which (i) is made by any lender the accounts of which are insured by an agency of the Federal Government, or made by any lender regulated by an agency of the Federal Government; (ii) is made in whole or part, or assisted in any way, by the Secretary or other officer or agency of the Federal Government or in connection with a housing or urban development program administered by the Secretary or a housing or related program administered by any such officer or agency; (iii) is intended to be sold by the originating lender to the Federal National Mortgage Association, the Government National Mortgage Association, the Federal Home Loan Mortgage Corporation, or a financial institution from which it is to be purchased by the Federal Home Loan Mortgage Corporation; or (iv) is made by any "creditor" who makes or invests in residential real estate loans aggregating more than $1,000,000 per year.  12 U.S.C. § 2602(1)(B)(i)-(iv).

### 3. The MMPA Claims.

#### A. The MMPA claims regarding forbearance modifications do not implicate the original loan with BANA.

The MMPA provides a private right of action to any person who sustains an ascertainable loss in connection with the purchase or lease of personal, family, or household merchandise as a result of practices that the MMPA declares unlawful.  Mo. Rev. Stat. § 407.025(1).  The MMPA also makes unlawful the act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.  Mo. Rev. Stat. § 407.020.1.  The MMPA defines "sale" as "any sale, lease, offer for sale or lease, or attempt to sell or lease merchandise for cash or credit."  Mo. Rev. Stat. § 407.010(6).

For the purposes of the MMPA, a loan is a bundle of services sold to the borrower until the service is completed or the loan repaid.  *Chamineak v. Jefferson Capital Systems, LLC*, 4:15-cv-0419-CEJ, 2015 WL 4207084, at *5 (E.D. Mo. July 10, 2015) (referencing *Conway v. CitiMortgage, Inc.*, 438 S.W.3d 410, 412 (Mo. banc 2014)).  However, actions taken during loan modification negotiation are not taken "in connection" with the sale of the loan because this is not enforcing the terms of the loan, but rather, "creating a new agreement."  *See Memhardt v. Nationstar Mortgage, LLC*, 4:17-cv-01411-AGF, 2018 WL 5923445, at *7 (E.D. Mo. Nov. 13, 2018) (citing *Watson v. Wells Fargo Home Mortgage, Inc.*, 438 S.W.3d 404 (Mo. banc 2014)).  In other words, absent a written agreement to modify the loan, actions other than enforcing the loan will not be considered "in connection" with the sale of the original loan.  *Memhardt*, 2018 WL 5923445, at *7.

5

BANA argues that the MMPA claim against it warrants dismissal because the loan was transferred to Rushmore; therefore, there is "no longer any relationship" between BANA and the Plaintiff, nor a "long-term relationship" between the parties for continuing duties.  Doc. [15] at 6-7.  Furthermore, in BANA's view, any forbearance allegations against it fail to state a MMPA claim because it was "not a service" agreed to within the original loan.  Doc. [15] at 7.

Plaintiffs correctly state that a promissory note was entered into with BANA in July 2006, which created the "relationship" between the parties under the MMPA.  Doc. [5] at 18.  However, Plaintiffs' Amended Complaint confirms BANA's position stating that "[BANA] serviced the loan until…Defendant 2 (RLM) allegedly [committed] mail fraud."  Doc. [5] at 18.  Thus, by Plaintiffs own account, the relationship with BANA ended with the transfer of service to Rushmore.  The actions contemplated further in the Amended Complaint concern the alleged conduct of Rushmore. Thus, Plaintiffs have failed to present allegations detailing a written agreement with BANA discussing a modification of the original loan.  Doc. [5] at 19-24.  Being that no modification agreement has been alleged, the later alleged forbearance negotiations do not implicate BANA as they are not "in connection" with the original promissory note.  Therefore, there are no actionable claims against BANA under the MMPA.

### B. The MMPA is not applicable to Rushmore, a regulated entity under the Missouri Division of Finance.

The MMPA also exempts certain individuals and entities from its application.  *See Reitz v. Nationstar Mortgage, LLC*, 954 F. Supp. 2d 870, 893 (E.D. Mo. 2013) (citing Mo. Rev. Stat. § 407.020.2).  These exempted entities include those institutions or entities subject to chartering, licensing, or regulation by the director or the department of insurance, financial institutions and professional registration, or by the director of the division of finance.  Mo. Rev. Stat. § 407.020.2(2).

6

Defendant Rushmore Loan Management Services, LLC is a licensed entity regulated under the Missouri Division of Finance, as memorialized in public records. Doc. [39] at 4. The Court takes judicial notice of Rushmore's license. [2] Fed. R. Evid. 201(b) ("The Court may judicially notice a fact that is not subject to reasonable dispute because it: (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Roe v. Nebraska*, 861 F.3d 785, 788 (8th Cir. 2017) (noting that a district court may take judicial notice of public records on a motion to dismiss).

Plaintiff has failed to contradict Rushmore's licensure or regulation. As such, Rushmore is exempt from application of the MMPA as an entity regulated by the Missouri Division of Finance, Mo. Rev. Stat. § 407.020.2(2), and the MMPA claim against Rushmore is dismissed.

### 4. Amendment would be futile.

The Plaintiffs have moved for leave to further amend their Amended Complaint. After careful review, the Court concludes that allowing Plaintiffs to amend their Amended Complaint would be futile. *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) ("Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008))).

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Bank of America N.A.'s Motion to Dismiss, Doc. [14], is **GRANTED**.

---

[2] Rushmore's License under the Missouri Division of Finance can be found online. *See* Licensee Details, Mo. Div. of Fin., Bank & Licensee Search l Missouri Division of Finance (mo.gov).

**IT IS FURTHER ORDERED** that Defendant Bank of America N.A.'s Motion for Hearing, Doc. [17], is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant Rushmore Loan Management Services, LLC's Motion to Dismiss, Doc. [38], is **GRANTED**.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint, Doc. [44], is **DENIED**.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of October 2023.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE