UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHELBY PATTERSON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:22-cv-1392-MTS |
| ) | |
| BANK OF AMERICA N.A., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Reconsider the Order to Dismiss with Prejudice, Doc. [60]. For the following reasons, the Court will deny Plaintiffs' Motion.

## Legal Standard

Plaintiffs Shelby Patterson and Kimberly Patterson-Bey proceeded *pro se* in this present action, which required the Court to give liberal construction to their Complaint. *Soloman v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). "But liberal construction does not mean that [the Court will] supply missing facts to a plaintiff's allegations or ignore a plaintiff's failure to allege facts setting forth a cognizable claim." *Jordan-A ex rel. Crawford v. United States*, 4:22-cv-783-CDP, 2022 WL 3576162, at *2 (E.D. Mo. Aug. 19, 2022) (citing *Stone v. Harry*, 364 F.3d 912 (8th Cir. 2004)). A *pro se* plaintiff must still state a claim for relief, Fed. R. Civ. P. 12(b)(6), 8(a), and the complaint must contain facts sufficient to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## Background

Plaintiffs are self-represented litigants who filed a civil action meant to quiet title to real property located at 1362 Reale Street, St. Louis, Missouri. Doc. [1] at 3. On July 31, 2006,

Plaintiffs entered into a promissory note with Bank of America N.A. ("BANA").  Doc [5] at 18.  At some point thereafter, Rushmore Loan Management Services, LLC ("Rushmore") called Plaintiffs, offering an eighteen-month forbearance during the pandemic, during which time Plaintiffs could delay making mortgage payments.  However, the Plaintiffs told Rushmore that they did not need forbearance and were current with their mortgage payments, and they alleged that Rushmore made "false claims" and failed to inform them that their "[mortgage] was not under any of the federally backed programs that would guarantee a forbearance or loan modification."  *Id.* at 18-19.

In short, it appeared that Plaintiffs were alleging that Rushmore manipulated them into requesting a forbearance, that Rushmore sent them paperwork with different options, but that Plaintiffs never had a signed agreement.  Doc. [1] at 10.  Thus, arrears built up as Plaintiffs missed payments, which then had to be paid back in a lump sum.  This ultimately led to default and the risk of foreclosure.  *Id.* at 12.

Initially, Plaintiffs stated they were seeking damages "for personal injuries," and claimed to have incurred medical expenses, loss of earning capacity, and physical impairment, none of which related to their allegations.  The Court granted Plaintiffs leave to amend their complaint, and Plaintiffs filed their Amended Complaint, Doc. [5], on April 12, 2023.

On May 19, 2023, the Court entered a Memorandum and Order dismissing all claims asserted against BANA and Rushmore in the Amended Complaint, except for the claims under the Real Estate Settlement Procedures Act ("RESPA"), the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), and the Missouri Merchandising Practices Act ("MMPA").  Doc. [6].  Then, on October 11, 2023, following Defendants' Motions to Dismiss, Docs. [14] & [38], this Court entered an Order of Dismissal, accompanied with a Memorandum and Order, granting

Defendants' Motions as to the remaining claims. Now, Plaintiffs request that this Court reconsider the dismissal.

### Discussion

*First*, Plaintiffs contend the dismissal of claims under RESPA were misinterpreted and further examination of the loan agreement would be necessary to determine whether RESPA applies. Doc. [60] at 1. However, as stated in the previous Memorandum and Order, RESPA contemplates federally related mortgage loans. 12 U.S.C. § 2607(a), (b). Yet, still, Plaintiffs have failed to plausibly allege facts suggesting their mortgage was in fact a federally related mortgage.

*Second*, Plaintiffs argue that Rushmore's alleged forbearance assertions "fall within the purview of the CARES Act." Doc. [60] at 1. As previously stated in the Memorandum and Order, and acknowledged but disregarded in the Motion to Reconsider, "the CARES Act does not create a private right of action." *See McClendon v. Bernard*, 4:21-cv-00823-KGB, 2021 WL 5567369, at *2 (E.D. Ark. Nov. 29, 2021); *see also Paskiewicz v. Brower*, 2:20-cv-02238-TLN-AC-PS, 2020 WL 7074605, at *2 (E.D. Cal. Dec. 3, 2020) ("[T]here is no private right of action under the CARES Act."); *cf. Saloojas v. Aetna Health of Cal., Inc.*, 80 F.4th 1011 (9th Cir. 2023) ("Although no circuit court has addressed this question, we note that every district court that has ruled on this issue has concluded that there is no private right of action under § 3202 of the CARES Act. We agree."). Therefore, Plaintiffs have no action available under the CARES Act.

*Third*, Plaintiffs believe Rushmore's alleged actions during the loan modification should be considered "in connection" with the sale of the loan. However, as discussed within the Memorandum and Order, Rushmore is exempt under the MMPA as a licensed entity, regulated under the Missouri Division of Finance. *See* Mo. Rev. Stat. § 407.020.2(2) (explaining exempted entities under the MMPA include those institutions or entities subject to chartering, licensing, or regulation by the director or the department of insurance, financial institutions and professional registration, or by the

3

director of the division of finance).  Therefore, after careful review of Plaintiffs' argument, the Court will deny the motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Reconsider, Doc. [60], is **DENIED**.

Dated this 7th day of November 2023.

                                                    MATTHEW T. SCHELP
                                                  UNITED STATES DISTRICT JUDGE